SMITH W. OSTERHOUT ET AL. v. WILLIAM T. JONES.

*Taxation of lumber piled for shipment.*

Lumber upon the premises of the manufacturer and under a contract of sale to dealers whose place of business is elsewhere, is not taxable where it is, as if in a place of "storage," especially if anything remains to be done to complete the transfer to the purchasers.

Error to Mecosta. (Fuller, J.)    June 11.—June 18.

REPLEVIN. Plaintiffs bring error. Reversed.

*Thos. J. O'Brien* for appellant.

*M. Brown* for appellee.

CAMPBELL, J. The question presented by this record is whether plaintiffs were lawfully taxable in 1882 for a quantity of lumber in the yard of a saw-mill at Morley, in Mecosta county. The plaintiffs are a firm residing in Grand Rapids, having no agency or place of business at Morley. They are taxed on the ground that they occupied a place of storage there.

The lumber in question was manufactured by a local firm

named Higbee & Hugh, and plaintiffs' interest was derived under a contract whereby Higbee & Hugh were to sell them all of the white pine lumber and eighteen-inch shingles which that firm should manufacture at their mills up to November, 1882. Prices were fixed at certain rates named, and the lumber was to be assorted and cross-piled, and again assorted and loaded upon the cars to plaintiffs' order from time to time. It was to be inspected when loaded on the cars, and that inspection was to be final. Payments were to be made of 75 per cent. by estimate in the piles, and the remainder once a month as fast as shipped. Title was to pass on payment of the 75 per cent.

Assuming that this amount had been paid, which however does not plainly appear, it is nevertheless evident from the undisputed facts that this lumber was not stored in any place occupied by plaintiffs, and that it remained in the premises near the mill awaiting delivery and transit. It was in custody of the mill-owners, who had active duties to perform in regard to it, and who were to have further payments on shipment and inspection. The case is, if anything, stronger than the recent one of *Monroe v. Greenhoe*, ante, p. 9, where the lumber had been removed from the mill to the side of the railway track. Here it had never changed custody, and was under the continued control of the manufacturer for further services and forwarding. As we have been called on heretofore to construe the statute we need not repeat the views already sufficiently expressed. We do not think there was any such use or occupancy by plaintiffs of the place where this lumber was piled as could in any way localize their interests at Morley, under the language of the law concerning such occupancy.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.